# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

OTIS MACK, #324497,

        Petitioner,

v.                                                          ACTION NO.
                                                                    2:08cv69

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

        On November 29, 2004, a jury in the Circuit Court for the City of Portsmouth convicted Petitioner Otis Mack ("Mack") of three counts of aggravated sexual battery and sentenced him to 30 years imprisonment. The Virginia Court of Appeals denied Mack's direct appeal on July 8, 2005. His petition for review by a three-judge panel of the Court of Appeals was denied on September 7, 2005. And, the Virginia Supreme Court refused Mack's petition for appeal on January 5, 2006.

        Thereafter, Mack filed a habeas petition in the state trial court, which was dismissed on April

13, 2007. The Virginia Supreme Court dismissed as untimely Mack's petition for appeal on October 23, 2007.[1] Mack then filed a petition for belated appeal, which the Virginia Supreme Court denied on December 7, 2007.

Mack, presently in the custody of the Virginia Department of Corrections at the Sussex II State Prison in Waverly, Virginia, filed his federal habeas petition on February 6, 2008. On April 29, 2008, the respondent filed a Rule 5 Answer and Motion to Dismiss. The time for a response having expired, this matter is now ripe for adjudication.

### B. Grounds Alleged

Mack asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) he was denied the effective assistance of counsel when:

    (i) trial counsel failed to strike juror Janet Meese for cause;

    (ii) trial counsel failed to call Angel Yates and Betty Mack to testify at trial; and,

    (iii) trial counsel refused to ask witness Davina Mapp questions proposed by Petitioner.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as

---

[1] Although Mack filed a notice of appeal in the Virginia Supreme Court on May 11, 2007, he did not file his petition until October 11, 2007, almost four months after the July 13, 2007, filing deadline.

those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001). Mack raised the present allegations in his habeas petition to the state trial court. However, these allegations were never fairly presented to the Virginia Supreme Court. Accordingly, they are simultaneously exhausted and defaulted for purposes of federal habeas review. Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986). Further, Mack has failed to allege cause and prejudice for the default. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977).

### B. Statute of Limitations

Mack's claims are barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A). Mack's conviction became final on April 5, 2006, the date upon which his time for filing a petition for a writ of certiorari in the United States Supreme Court expired. See

Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000); Sup. Ct. R. 13(1) (directing that a notice of appeal must be filed within 90 days after entry of final judgment).

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Mack had one year from the date his conviction became final on April 5, 2006, to file his federal habeas petition. The limitations period tolled (after 278 days), when Mack filed his habeas petition in the state trial court on January 8, 2007. When the state trial court dismissed Mack's habeas petition on April 13, 2007, the limitations period began to run again. The limitations period did not toll after April 13, 2007, as Mack's appeal to the Virginia Supreme Court was dismissed as untimely. See Pace v. DiGuglielmo, 544 U.S. 408, 424 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal citation and quotation omitted). Thus, Mack's federal habeas petition filed on February 6, 2008, almost seven months after the federal statute of limitations expired, is also untimely. This Court cannot reach the merits of his claims.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Mack's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Further, Mack has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of

appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

### IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                  /s/
                                   Tommy E. Miller
                               United States Magistrate Judge

Norfolk, Virginia
July 7, 2008

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Otis Mack, #324497
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

Susan Mozley Harris, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

                                         Fernando Galindo, Clerk

                                         By _____
                                            Clerk of the Court

                                         July   , 2008